FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 14 2013

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY BRAZIER, | No. 12-17475 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00883-CKD |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge,[**] Presiding

Submitted June 10, 2013[***]

Before: HAWKINS, McKEOWN, and BERZON, Circuit Judges.

California state prisoner Anthony Brazier appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Brazier consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging a due process claim arising from the removal of erroneously-issued tax refunds from his inmate trust account. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, vacate in part, and remand.

The district court properly dismissed Brazier's due process claim against the California Department of Correction and Rehabilitation because the claim was barred by sovereign immunity under the Eleventh Amendment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that a state's sovereign immunity against being sued in federal court applies to its agencies, including the department of prisons).

The district court properly dismissed Brazier's due process claim against defendant Salinas because Brazier failed to allege that defendant Salinas personally participated in, directed, or knowingly failed to prevent the alleged due process violation. *See id.* (setting forth the standard for liability against supervisory personnel under § 1983).

Dismissal of Brazier's due process claim against defendants Rackey and Rodriguer was proper because prisoners lack a separate constitutional entitlement to a specific prison grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860

(9th Cir. 2003) (no due process claim is cognizable from the claimed loss of a liberty interest in defendants' processing of inmate appeals).

However, dismissal without leave to amend of Brazier's due process claim against defendant Miramentes was improper because the procedural protections of the Fourteenth Amendment apply to protect a significant property interest even if there is a dispute over ownership. *See Sanders v. City of San Diego*, 93 F.3d 1423, 1426-27 (9th Cir. 1996) (concluding that pawnbroker has standing to assert procedural due process claim because of his colorable contractual ownership interest in items that were stolen before being pawned at his shop). Therefore, we remand for the sole purpose of allowing Brazier to amend his due process claim against defendant Miramentes to allege that Brazier did, in fact, have an ownership interest in the tax refunds credited to his inmate trust account, absent which allegation Brazier's claim must fail. *See Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997) (the procedural guarantees of the Due Process Clause only apply where a constitutionally protected liberty or property interest is at stake).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**